IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patricia Lott,<br><br>          Plaintiff,<br>     v.<br><br>South Carolina Farm Bureau<br>Mutual Insurance Company,<br><br>          Defendant. | Case No. 2:22-cv-00529-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending that Defendant's motion for summary judgment be granted. (Dkt. No. 36). Plaintiff objected to the R&R (Dkt. No. 38), and Defendant replied (Dkt. No. 39). For the reasons set forth below, the Court adopts the Report and Recommendation as the order of the Court and grants Defendant's motion for summary judgment. (Dkt. No. 25).

**I.   Background**

This suit arises from Plaintiff's claim that she was terminated in retaliation for threatening to report sexual harassment by another employee at the Dorchester County Farm Bureau office. Plaintiff worked as a secretary in the Farm Bureau office between May 12, 2014—December 31, 2019. (Dkt. No. 38 at 2). Timothy Cardwell leased office space from the Dorchester County Farm Bureau as an independent contractor Agency Manager beginning May 1, 2017 under an Office Management Agreement providing:

> The parties acknowledge that, as of the effective date of this Agreement, all clerical workers, currently employed by [Dorchester County Farm Bureau], will no longer be employed by [Dorchester County Farm Bureau]. [Cardwell LLC], for the clerical services herein provided, shall have all responsibility as an employer, including but not limited to, the issuance of W-2's,

>    withholding, benefits, and compliance with all federal and state tax
>    and labor related laws.

(Dkt. No. 25-8, ¶ 1.c.). Plaintiff admits that Mr. Cardwell supervised her, approved her leave requests, conducted her performance evaluations, and handled her pay. (Dkt. No. 25-10 at 31:3-38:8). At issue is whether Plaintiff was employed by Defendant or by Timothy Cardwell at the time of her termination on December 31, 2019.

Plaintiff filed a charge of discrimination with the EEOC on July 23, 2020, naming the Farm Bureau as her employer. (Dkt. No. 36 at 6). Cardwell Insurance responded to the charge and explained that it was the proper employer, rather than the Farm Bureau. After the EEOC dismissed the charge, Plaintiff filed suit against Defendant on October 31, 2021. (Dkt. Nos. 1-1, 25-19). Defendant moves for summary judgment on the grounds that it did not employ Plaintiff. (*See* Dkt. No. 25-1 at 5-11). Plaintiff opposes Defendant's motion, contending a genuine dispute of material fact exists as to whether she was an employee of Defendant. (Dkt. No. 29).

## II.  Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### B. Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate

that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.    Discussion

Upon review of the record, the Magistrate Judge determined that Plaintiff was not an employee of the South Carolina Farm Bureau and recommended granting Defendant's motion for summary judgment on this basis. (Dkt. No. 36 at 15). Plaintiff objects to this finding, claiming the Magistrate Judge "did not fully consider all the relevant facts . . . which provide significant evidence that Farm Bureau exercised control over her employment." (Dkt. No. 38 at 4-5). Plaintiff does not specifically object to the R&R, but instead reiterates facts that apparently contribute to her belief that she was a Farm Bureau employee despite being supervised and paid by Mr. Cardwell from May 2017 onwards. (Dkt. No. 38 at 5). Certain of these facts – including Plaintiff's contention that she was paid by Farm Bureau – are contradicted by the record. (*Compare* Dkt. No. 38 at 5 ("[a]ll payroll checks were issued by Farm Bureau") *with* Dkt. No. 25-12, 25-13, 25-14, 25-15 (Plaintiff's W-2s for years 2017-2020 showing "Timothy E Cardwell Insurance, LLC" as the Employer)). Plaintiff does not address, let alone object to, the Magistrate Judge's analysis of her claim under *Butler*, in which the Fourth Circuit "articulate[d] a new set of factors for courts in this Circuit to use in assessing whether an individual is jointly employed by two or more entities:"

> 1) authority to hire and fire the individual; (2) day-to-day supervision of the individual, including employee discipline; (3) whether the putative employer furnishes the equipment used and the place of work; (4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes; (5) the length of time during which the individual has worked for the putative employer; (6) whether the putative employer

> provides the individual with formal or informal training; (7) whether the individual's duties are akin to a regular employee's duties; (8) whether the individual is assigned solely to the putative employer; and (9) whether the individual and putative employer intended to enter into an employment relationship.

*Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 414 (4th Cir. 2015); Dkt. No. 36 at 8-9. In recommending that Plaintiff's Title VII claim be dismissed, the Magistrate Judge reasoned that Plaintiff did not "present[] any evidence establishing that [Defendant] exercised *any* control over her, much less significant control." (Dkt. No. 36 at 14). The Court adopts the R&R's conclusion that Plaintiff has failed to establish that she was employed by Defendant.

Plaintiff's claim of wrongful discharge in violation of South Carolina public policy also fails due to insufficient evidence that Plaintiff was employed by Defendant. Plaintiff does not cite any legal authority in support of her objection that Farm Bureau could be held "indirect[ly] responsibl[e]" for her termination notwithstanding the R&R's finding that the Farm Bureau was not her direct employer. (Dkt. No. 38 at 7-8). The Court overrules Plaintiff's objection on this claim.

### IV.    Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 36) as the Order of the Court. Defendant's motion for summary judgment is **GRANTED.** (Dkt. No. 25).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 23, 2024
Charleston, South Carolina